[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
After a bench trial in Hamilton County Municipal Court, defendant-appellant Blair Q. Baker was convicted of domestic violence, in violation of R.C. 2919.25(A), a misdemeanor of the first degree. Baker now appeals and raises three assignments of error.
In his first assignment of error, Baker claims that the trial court erred when it permitted a 911 tape to be played in court and admitted into evidence without being authenticated prior to admission into evidence and without a demonstration of a chain of custody. "The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173,510 N.E.2d 343, paragraph two of the syllabus. To demonstrate an abuse of discretion, the trial court's decision must have been unreasonable, arbitrary or unconscionable, and not merely an error of law or judgment. See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140,1142.
App.R. 9 requires that all proceedings, except video recordings, be transcribed in written form. The record transmitted to this court contains no transcription of the tape, but only the 911 tape itself. While we have authority to order the record supplemented by transcription of the tape, we deem it unnecessary in that the error was nonprejudicial and does not prevent a review of Baker's claim. In his argument, Baker fails to identify one instance where inadmissible evidence was contained on the tape played at trial. Conclusive proof of authenticity was not required, but only sufficient foundational evidence for the trier of fact to conclude the tape was what its proponent claimed it to be. See Statev. Easter (1991), 75 Ohio App.3d 22, 25, 598 N.E.2d 845, 847-848. The authentication requirements of Evid.R. 901 were met. Baker's wife identified his voice on the tape; Baker testified that he had called 911 from his truck and, that as the tape reflected, he was angry; and defense counsel, during his cross-examination and recross-examination of Officer Sean Perdue, freely discussed the 911 tape.
Any lack of testimony completing a chain of custody did not render the evidence inadmissible, but rather only affected the weight to be given the evidence. See State v. Ewing (Apr. 14, 1999), Lorain App. No. 97CA006944, unreported; see, also, State v. Barzacchini (1994),96 Ohio App.3d 440, 458, 645 N.E.2d 137, 148. When the state offered its exhibits, defense counsel objected to a portion of one of several photographs offered, but made no objection to the admission of the tape. In fact, at one point in the trial, defense counsel stated, "As to the tape, we stipulated to it * * *." Thus, all error but plain error has been waived. Crim.R. 52(B).
Based on the foregoing, we cannot say that the admission of the 911 tape constituted an abuse of discretion by the trial court. We decline to hold that there was plain error, as we cannot conclude that an error occurred, or that, but for any error, the outcome of the trial clearly would have been otherwise. In our view, this is so because of the testimony of the victim and Baker about the events that occurred prior to Baker's 911 call. See State v. Long (1978), 53 Ohio St.2d 91,372 N.E.2d 804, paragraph two of the syllabus. The first assignment of error is overruled.
In his second assignment of error, Baker claims that the trial court erred in permitting the testimony of Officer Sean Perdue as a rebuttal witness. It is within the trial court's discretion to determine what evidence is admissible as proper rebuttal. See State v. McNeill (1998),83 Ohio St.3d 438, 446, 700 N.E.2d 596, 606. Rebutting evidence is that given to explain, refute, or disprove new facts introduced into evidence by the adverse party and such evidence becomes relevant only to challenge the evidence offered by the opponent, and its scope is limited by the opponent's evidence. Id. Baker testified that he had placed a 911 call because he was concerned that the argument with his wife would escalate. The rebuttal witness, Officer Perdue, testified that he had received a description of the defendant's truck over the radio, saw Baker's flashing lights, and, after both vehicles had stopped, approached Baker's truck. Baker told the officer that he needed his wife removed from the vehicle. But the officer discovered Baker's wife not in the truck cab, but in the truck bed whimpering, and after observing her condition, he called for medical assistance. The trial court did not abuse its discretion when it permitted Officer Perdue as a rebuttal witness. The second assignment of error is overruled.
In his third assignment of error, Baker claims that his conviction is against the sufficiency of the evidence, as well as the weight of the evidence. To reverse a conviction for insufficient evidence, a reviewing court must be persuaded, after viewing the evidence in a light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. See State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. To sustain a conviction for domestic violence under R.C. 2919.25(A), the prosecutor must prove that a person knowingly caused or attempted to cause physical harm to a family or household member. The Bakers testified that they were husband and wife at the time of the incident. They both testified that they stopped along the highway on the way home from watching a football game. Baker testified that he "asked her to get out now" and that "she just wasn't thrilled about getting out of the truck." The victim testified that she used the power locks in an attempt to stay inside the truck. Both the victim and the defendant testified that a physical struggle took place between them along the highway. According to the victim, once she was out of the truck, she testified she fell, but she also stated that Baker struck her with his fist more than once. Officer Perdue testified that he called for medical assistance based on the victim's condition after he stopped the Bakers' truck and found the victim in the open truck bed. Our review of the record convinces us that the state presented sufficient evidence that Baker had committed the offense of domestic violence.
To reverse a conviction on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. SeeState v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546;State v. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717, 720. Although it is a reasonable inference that the victim sustained injuries solely because she did not want to be left by the road, it remains clear from her testimony that she was previously in the truck, that she had wanted to stay there, that she had unsuccessfully used the power locks for that purpose, and that she suffered blows from Baker's fist once she was out of the truck, in addition to falling. After reviewing the entire record, we cannot say that the trier of fact's finding of guilt was contrary to the manifest weight of the evidence. The third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.